Matthew A. Steward (#7637)
Keith M. Woodwell (#7353)
Katherine E. Pepin (#16925)
Vicki B. Zgodny (#19753)
Clyde Snow & Sessions
201 South Main Street, Suite 2200
Salt Lake City, Utah 84111
Tel./Fax: (801) 322-2516
mas@clydesnow.com
kmw@clydesnow.com
kep@clydesnow.com
vbz@clydesnow.com

*Attorneys for Plaintiff Mark Machlis*

---

**IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MARK MACHLIS and GREEN IVY REALTY, INC.,<br><br>Plaintiff,<br>v.<br><br>GREAT AMERICAN INSURANCE GROUP and GREAT AMERICAN ASSURANCE COMPANY.<br><br>Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Case No.<br><br>District Judge |

Plaintiff Mark Machlis ("Machlis") and Green Ivy Realty, Inc. ("Green Ivy"), by and through his counsel, brings this Complaint for Declaratory Judgment against Defendants Great American Insurance Group and Great American Assurance Company (collectively "defendants" or "Great American") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to resolve an actual and present controversy concerning Great American's duty to defend Machlis and Green Ivy under the Real Estate Professional Errors & Omissions insurance policies Great American issued to Green Ivy Realty Inc. Plaintiffs also seek damages for Great American's breach of its contractual duty to defend.

2. Machlis and Green Ivy are Insureds under the Policies, which obligate Great American to "defend any Claim against an Insured even if any of the allegations of the Claim are groundless, false or fraudulent." The legal claims against Machlis and Green Ivy arise from Machlis' role as a real estate professional acting under Green Ivy as the brokerage—as a referring agent who introduced a buyer and a seller in a commercial real estate transaction, and as a lease administrator in the development and management of real property.

3. Great American has refused to defend Machlis and Green Ivy and, in one instance, an employee of Green Ivy, in the underlying proceedings against them asserting that the claims fall outside the definition of "Real Estate Professional Services" and that two policy exclusions, a securities-law exclusion and a syndicated-real estate-offering exclusion, bar coverage.

4. Great American's refusal is contrary to the Policies and to controlling Utah law. The duty to defend is broader than the duty to indemnify; it is measured by comparing the allegations of the operative underlying pleadings with the Policies, and it attaches to the entire proceeding so long as any allegation is potentially within coverage. No securities violation is alleged against Machlis, Green Ivy, or the Green Ivy employee in the operative *Tomac* arbitration pleading at all, and no final adjudication or finding establishing that Machlis or Green

Ivy committed securities fraud or any dishonest or fraudulent act has been entered in *any* proceeding. Great American therefore owes Machlis and Green Ivy a present and continuing duty to defend.

**JURISDICTION**

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different States, Machlis is a citizen of the State of Utah, Green Ivy is a Utah entity, and Great American is a citizen of the State of Ohio, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. In an action for declaratory relief, the amount in controversy is measured by the value of the object of the litigation, assessed from the viewpoint of either party, and jurisdiction fails only where it appears to a legal certainty that the amount cannot be met. *City of Moore, Okl. v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983); *Lovell v. State Farm Mut. Auto. Ins. Co*., 466 F.3d 893, 897 (10th Cir. 2006). Here, the cost of defending Machlis and Green Ivy in the underlying proceedings, and Great American's corresponding exposure under the Policies, exceed $75,000, exclusive of interest and costs.

7. An actual controversy of sufficient immediacy and reality exists between the parties within the meaning of 28 U.S.C. §§ 2201 and 2202, in that Great American has denied and continues to deny that it owes Machlis and Green Ivy a duty to defend the underlying proceedings under the Policies.

**VENUE**

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Great American resides in this district because it is subject to personal jurisdiction in this district with respect to this action, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or

omissions giving rise to the claim occurred in this district, including Great American's issuance of the Policies to a Utah Named Insured, its coverage determinations directed to a Utah Insured, and the pendency in this district of several underlying matters. The Policies contain no forum-selection or venue provision governing this dispute.

**PARTIES**

9. Plaintiff Mark Machlis is an individual who resides in, and is a citizen of, the State of Utah. Machlis is the principal and officer of Green Ivy and is an Insured under the Policies. (Real Estate Professional Errors & Omissions Insurance Policy (2023-2024), attached hereto and referred to as Exhibit A ("Ex. A") at 7).

10. Plaintiff Green Ivy Realty, Inc., is a Utah corporation and is an Insured under the Policies.

11. Upon information and belief, Defendant Great American Insurance Group is a corporation incorporated under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio, and is therefore a citizen of the State of Ohio. (Ex. A at 1). Great American Insurance Group issued the Policies and is the insurer obligated under them.

12. Upon information and belief, Defendant Great American Assurance Company is a capital stock corporation incorporated under the laws of the State of Massachusetts with its principal place of business in Norwood, Massachusetts, and is therefore a citizen of the State of Massachusetts. (Ex. A at 1). Great American Assurance Company was selected by Great American Insurance Group to issue the Policies and is the insurer obligated under them.

**FACTUAL BACKGROUND**

13. Great American issued Real Estate Professional Errors & Omissions Insurance Policy No. RAB3873597-23 to Green Ivy as the Named Insured for the policy period of

October 1, 2023 to October 1, 2024, and renewed that coverage as Policy No. RAB3873597-24 for the policy period of October 1, 2024 to October 1, 2025 (collectively, the "Policies"). (Ex. A at 1; Real Estate Professional Errors & Omissions Insurance Policy (2024-2025), attached hereto and referred to as Exhibit B ("Ex. B") at 1).

14. The Policies are claims-made professional liability policies, each providing coverage, subject to a limit of liability of $250,000 for each claim, for sums an Insured becomes legally obligated to pay as Damages and Claim Expenses arising from acts or omissions in the performance of Real Estate Professional Services. (Ex's. A and B, at 1). The operative terms of the two Policies are materially identical in every respect relevant to this action.

15. The Policies define "Insured" to include "any person who is a past or present employee, partner, principal, shareholder, officer, director, member, or independent contractor…but only for Claims arising from Real Estate Professional Services performed on behalf of the Named Insured." (Ex's. A and B, at 7). As a principal and officer of Green Ivy, Machlis is an Insured under the Policies.

16. The Policies define "Real Estate Professional Services" to include services performed in an Insured's capacity as a "leasing agent or Property Manager" and as a "Referral Agent" (Ex's. A and B, at 9) and define a "Referral Agent" as "a real estate agent whose services are limited to referring clients to an Insured for the purposes of commencing a real estate transaction and do not include active solicitation or engagement in the sale of real property." (Ex's. A and B, at 9). The services giving rise to the claims against Machlis, Green Ivy, and Ashley Wolocatiuk (Green Ivy's employee), introducing a buyer and seller for a referral fee, and administering a lease, fall squarely within these definitions.

17. Section I of the Policies, the Insuring Agreement, provides that "[t]he Company has the right and duty to defend any Claim against an Insured even if any of the allegations of the Claim are groundless, false or fraudulent." (Ex's. A and B, at 5). The Policies define "Claim" to include "a civil proceeding in a court of law, or arbitration proceeding, against an Insured." (Ex's. A and B, at 5).

18. Exclusion A of the Policies excludes coverage for any Claim "based on or arising out of any dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission by an Insured," but expressly preserves the duty to defend: "The Company will provide the Insured with a defense of such Claim unless and until a *final adjudication or finding of fact against, or admission by,* such Insured establishes that such Insured committed such dishonest, intentionally wrongful, fraudulent, criminal or malicious act or omission." (Ex's. A and B, at 10; emphasis added).

19. Exclusion F of the Policies (Section III.F) excludes coverage for any Claim "based on or arising out of the formation, syndication, operation or administration of any property syndication, real estate investment trust or any other form of corporation, general or limited partnership or joint venture formed for the purpose of investing in, buying, selling or maintaining real property." (Ex's. A and B, at 10).

20. Exclusion H of the Policies (Section III.H.2) excludes coverage for any Claim "based on or arising out of any actual or alleged violation of ... The Securities Act of 1933, The Securities Exchange Act of 1934 or any state Blue Sky or Securities law." (Ex's. A and B, at 11).

21. In the action captioned *Douglas Goldsmith, et al. v. Kevin G. Long*, et al., pending in the United States District Court for the District of Utah, Case No. 2:24-cv-00499-AMA-CMR (the "Goldsmith Action"), the plaintiffs asserted claims against Machlis and Green Ivy for

violations of the Securities Exchange Act, breach of fiduciary duty, unjust enrichment, and conspiracy; and additional claims against Machlis for common law fraud and negligent misrepresentation, arising out of a commercial real estate transaction involving property in Blytheville, Arkansas. (Email Correspondence Regarding Claim A00626344 at 4, attached hereto and hereinafter referred to as Exhibit C ("Ex. C"); Email Correspondence Regarding Case No. 2:24-cv-00624-DAK-CMR at 6, attached hereto and hereinafter referred to as Exhibit D ("Ex. D").

22. Machlis and Green Ivy's only involvement in the transaction underlying the Goldsmith Action was to introduce the buyer and the seller and to receive a referral fee. Neither Machlis nor his brokerage, Green Ivy, were the agent of the buyer or the seller, had no listing agreement, and did not list, show, market, or negotiate the terms of the transaction or prepare any closing documents. (Coverage Reconsideration Letter Regarding Claim A00626344 - Mark Machlis/Green Ivy Realty at 2 and 3, attached hereto and hereinafter referred to as Exhibit E ("Ex. E").

23. By letter dated September 4, 2024, Great American declined coverage for the Goldsmith Action on three grounds: that the services giving rise to the claim fell outside the definition of "Real Estate Professional Services" because they allegedly required Arkansas licensure; that the claim was excluded under the securities-law exclusion, Section III.H.2; and that the claim was excluded under the syndicated-real-estate-offering exclusion, Section III.F. (Declination of Coverage, attached hereto and hereinafter referred to as Exhibit F ("Ex. F")). By letter dated October 4, 2024, Machlis' counsel disputed each ground and requested reconsideration. (Ex. E).

24. Although the operative complaint in the Goldsmith Action includes causes of action styled as securities fraud and sale of an unregistered security, those claims depend on the allegation that the underlying real estate transaction was a "security," and the claims against Machlis arise from his role as the referring agent on the sale of a single parcel of commercial property, not from any securities violation by him. (Ex. E at 3-4). The matter is ongoing and there have been no findings of fraud by Machlis or Green Ivy, and they deny the allegations.

25. In a separate matter, an arbitration filed with the American Arbitration Association, AAA Case No. 012500050250 (the "Tomac Arbitration"), concerning property in South Jordan, Utah, the plaintiffs asserted claims against Machlis, Green Ivy, and Ashley Wolocatiuk, a Green Ivy employee, for claims of breach of contract, negligent misrepresentation, unjust enrichment, fraud, and civil conspiracy. (Ex. D at 6-7).

26. Prior to the Tomac Arbitration, however, plaintiffs had filed a complaint in federal court related to the same property, which was dismissed as to all claims against Machlis and Green Ivy, including violations of the Securities Exchange Act, fraud, negligent misrepresentation, unjust enrichment, and civil conspiracy. Thereafter, the plaintiffs filed an arbitration statement of claim against Machlis, Green Ivy, and Ashley Wolocatiuk which does *not* allege any securities violations and focuses on the role Machlis, Green Ivy, and Ashley Wolocatiuk played as lease administrator in developing and managing the property. (Ex. D at 2 and 5).

27. Settlement negotiations in the Tomac Arbitration fell apart, and Machlis, Green Ivy, and Ashley Wolocatiuk must now defend against the arbitration statement of claim. (Ex. D at 5).

28. In the action captioned *Roger Wilson et al. v. Millcreek Commercial Properties, LLC, et al.* filed in the United States District Court for the District of Utah, Case No. 2:24-cv-00624-TC-CMR, Machlis and Green Ivy are named as defendants. In addition to breach of fiduciary duty, there are allegations of fraud and securities fraud,, but they are *only* allegations. The matter is ongoing and there has been no finding of fraud against Machlis or Green Ivy, and they deny the allegations.

29. In the action captioned *Patti Klair, et al. v. Colliers International Group, Inc*., et al. filed in the United States District Court for the District of Utah, Case No. 2:23-cv-00407-AMA-CMR, Case No. 2:23-cv-00407, Machlis is named as a defendant and is alleged to have committed fraud and securities fraud, along with allegations of negligence and breach of fiduciary duties, in the sale of a property interest to another tenant in common in an arm's-length transaction. Machlis denies these allegations and has a pending motion to dismiss. There have been no findings of fraud or other wrongdoing.

30. On August 26, 2026, the Utah Division of Real Estate of the Department of Commerce (the "Division") filed a Verified Petition, Docket No. RE-2026-118 (the "DRE Petition") against Machlis based upon the allegations made by the Claimants in the Tomac Arbitration.

31. In the DRE Petition, the Division seeks to revoke Machlis' Principal Broker license and the registration of Green Ivy because it alleges that Machlis violated the provisions of the Real Estate Licensing and Practices Act and the Real Estate Licensing and Practice Rules.

32. Machlis has denied the allegations and is defending against the DRE Petition.

33. No judgment, finding of fact, admission, or other final adjudication has been entered in any underlying proceeding establishing that Machlis committed securities fraud or any

dishonest, intentionally wrongful, fraudulent, criminal, or malicious act or omission. The allegations against Machlis remain unproven.

34. None of the pending actions in which Machlis or Green Ivy are included as defendants allege that the plaintiffs were offered or sold a pooled real estate investment fund that would qualify for the syndicated-real-estate-offering exclusion in Section III.F of the policies.

35. Machlis timely tendered the underlying proceedings to Great American and demanded a defense under the Policies. Great American, acting through its coverage counsel, denied coverage and has refused to defend Machlis.

36. In every one of these matters, defendants have violated their duty under the policies to defend plaintiffs against these allegations, as there have been no findings of any wrongdoing against plaintiffs, and coverage should not be denied.

37. As a direct result of Great American's refusal to defend, Machlis has incurred, and continues to incur, substantial Claim Expenses, including attorneys' fees and costs, in defending the underlying proceedings.

**COUNT ONE**
**(Declaratory Judgment—Duty to Defend)**

38. Machlis and Green Ivy repeat and reallege paragraphs 1 through 28 hereof, as if fully set forth herein.

39. An actual, present, and justiciable controversy exists between Machlis, Green Ivy, and Great American concerning Great American's duty to defend Machlis, Green Ivy, and Green Ivy's employees in the underlying proceedings under the Policies. 28 U.S.C.A. § 2201.

40. Under Utah law, an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations of the underlying complaint; the test is



4936-3405-7436, v. 1

whether the complaint alleges a risk within the coverage of the policy. *Benjamin v. Amica Mut. Ins. Co.*, 2006 UT 37, ¶ 16, 140 P.3d 1210.

41. The duty to defend is broader than the duty to indemnify. It arises whenever the allegations of the operative underlying pleading give rise to a potential, not actual, liability within coverage, and any doubt must be resolved in favor of the insured: "[w]hen in doubt, defend." *Cincinnati Specialty Underwriters Ins. v. Red Rock 4 Wheelers*, 576 F. Supp. 3d 905, 913–914 (D. Utah 2021). To avoid the duty to defend, the insurer bears the burden of demonstrating that *none of the allegations are potentially covered*. *Id*. at 913.

42. Where an underlying proceeding contains both covered and non-covered claims, the insurer must defend the insured against the entire proceeding, at least until it can confine the proceeding to claims outside coverage. *Benjamin*, 2006 UT 37; *see also*, *Cincinnati Specialty Underwriters Ins., 576 F. Supp. 3d 905, 913.*

43. Policy exclusions are construed strictly against the insurer and are given effect only where they use language that clearly and unmistakably communicates the circumstances under which coverage will not be provided; any ambiguity is construed in favor of coverage. *Cincinnati Specialty Underwriters Ins., 576 F. Supp. 3d 905, 914. Fire Ins. Exch. v. Oltmanns*, 2018 UT 10, ¶ 5, 416 P.3d 1148.

44. The claims against Machlis, Green Ivy, and Green Ivy's employee are claims for "Real Estate Professional Services" within the meaning of the Policies, because they arise from his conduct as a Referral Agent, who introduced a buyer and seller and received a referral fee, and as a lease administrator in the management of real property. (Exs. A and B at 9). The Policies are therefore triggered and the duty to defend attaches.

45. The securities-law exclusion, Section III.H.2, does not relieve Great American of its duty to defend. The operative pleading in the Tomac Arbitration alleges no securities violation whatsoever, and the duty to defend is measured by the allegations of that operative pleading. *Benjamin*, 2006 UT 37, ¶ 16; *Cincinnati Specialty Underwriters Ins*., 576 F. Supp. 3d 905, 913. As to the Goldsmith Action, the claims against Machlis arise from his role as a referring agent, not from any securities violation by him, and the duty to defend attaches to the entire proceeding so long as any allegation is potentially covered. *Cincinnati Specialty Underwriters Ins*., 576 F. Supp. 3d 905, 913–914.

46. The syndicated-real-estate-offering exclusion, Section III.F, does not relieve Great American of its duty to defend, because the claims against Machlis, Green Ivy, and Green Ivy's employee do not arise out of the formation, syndication, operation, or administration of any property syndication, real estate investment trust, or other investment vehicle, and any ambiguity as to the exclusion's application must be construed in favor of coverage. *Id*. at 914-915.

47. To the extent Great American contends that the claims arise out of dishonest or fraudulent conduct, Exclusion A of the Policies expressly preserves the duty to defend "unless and until a final adjudication or finding of fact against, or admission by," Machlis, Green Ivy, or Green Ivy's employee "establishes" that they committed such an act. No such final adjudication, finding of fact, or admission has been entered, and the condition that would relieve Great American of its duty to defend has not occurred.

48. An insurer's duty to defend continues until the claims in the underlying proceeding are dismissed or otherwise judicially resolved in a manner inconsistent with coverage; it is not extinguished by the mere allegation of excluded conduct. *Benjamin*, 2006 UT 37, ¶ 24; *Cincinnati Specialty Underwriters Ins.*, 576 F. Supp. 3d 905, 916.

49. By refusing to defend Machlis, Green Ivy, and Green Ivy's employee in the underlying proceedings, Great American has breached and continues to breach its duty to defend under the Policies.

50. Machlis and Green Ivy are entitled to a judicial declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that Great American owes Machlis and Green Ivy a present and continuing duty to defend them in the underlying proceedings identified in this complaint under the Policies.

**COUNT TWO**
**(Breach of Contract — Failure to Defend)**

51. Machlis and Green Ivy repeat and reallege paragraphs 1 through 41 hereof, as if fully set forth herein.

52. The Policies are valid and enforceable contracts between Great American and its Insureds, including Machlis and Green Ivy.

53. Machlis and Green Ivy have performed all conditions, covenants, and obligations required of them under the Policies, except those excused or prevented by Great American's conduct.

54. Great American materially breached the Policies by refusing to defend Machlis, Green Ivy, and Green Ivy's employee in the underlying proceedings, in violation of its contractual duty to defend any Claim against an Insured.

55. As a direct and proximate result of Great American's breach, Machlis and Green Ivy have been damaged in the amount of the Claim Expenses, including attorneys' fees and costs, that they have incurred and continue to incur in defending the underlying proceedings, in an amount to be determined at trial but exceeding $75,000.

**COUNT THREE**
**(Breach of Implied Covenant of Good Faith and Fair Dealing — Failure to Defend)**

56. Machlis and Green Ivy repeat and reallege paragraphs 1 through 55 hereof, as if fully set forth herein.

57. The Policies are valid and enforceable contracts between Great American and its Insureds, including Machlis and Green Ivy.

58. Machlis and Green Ivy have performed all conditions, covenants, and obligations required of them under the Policies, except those excused or prevented by Great American's conduct.

59. Great American's denial of coverage to Machlis and Green Ivy intentionally and unfairly deprived Mr. Machis acted materially breached the Policies by refusing to defend Machlis and , Green Ivy of their justified expectations or rights to receive the benefits of the contracts.

60. As a direct and proximate result of Great American's breach, Machlis and Green Ivy have been damaged in the amount of the Claim Expenses, including attorneys' fees and costs, that they have incurred and continue to incur in defending the underlying proceedings, in an amount to be determined at trial but exceeding $75,000.

**WHEREFORE**, Machlis and Green Ivy respectfully requests that the Court enter judgment in his favor and against Great American as follows:

A. On Count One, a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Great American owes Machlis and Green Ivy a present and continuing duty to defend Machlis, Green Ivy, and Green Ivy's employee in the underlying proceedings, including the Goldsmith Action, Tomac Arbitration, the Wilson Action, the Klair Action, and the DRE Petition, under the Policies, and an order requiring Great American to assume and pay for that defense;

B. On Count Two, awarding Machlis damages in the amount of the Claim Expenses, including attorneys' fees and costs, he has incurred and continues to incur in defending the underlying proceedings, in an amount to be determined at trial but exceeding $75,000, plus pre-judgment and post-judgment interest;

C. Awarding Machlis and Green Ivy their costs and attorneys' fees incurred in this action to the extent permitted by law or the Policies; and

D. Granting Machlis and Green Ivy such other and further relief as the Court deems just and proper.

Dated: October 28, 2026

Respectfully submitted,

CLYDE SNOW & SESSIONS, P.C.

By: *<u>/s/ Matthew A. Steward</u>*
Keith M. Woodwell
Matthew A. Steward
Attorneys for Plaintiff Mark Machlis